Order unanimously affirmed, with costs. Memorandum: This is a proceeding pursuant to article 7 of the Real Property Tax Law in which petitioners allege inequality of assessment against their property in the Village of Franklinville, Cattaraugus County, for the year 1973-1974. After trial, Special Term reduced the assessment from $25,200 to $21,000. On appeal respondent Board of Assessors of the Town of Franklinville (Board) contends that it was error for Special Term to rely exclusively on proof of actual sales of real property that occurred within the assessing unit during the year under review. The Board argues that its proof of the applicable State equalization rate and its expert testimony under the selected parcel method were entitled to greater probative weight than evidence of actual sales. In the circumstances, we disagree. It is undisputed that in an inequality proceeding there are three acceptable methods of proof: actual sales; selected parcel; and State equalization rate (Real Property Tax Law, § 720, subd 3). The State equalization rate is not to be automatically controlling in all cases. (Gutb Realty v Gingold, 34 NY2d 440, 451; see, also, Matter of 860 Executive Towers v Board of Assessors of County of Nassau, 79 Misc 2d 821, affd 47 AD2d 603). Special Term was left to decide the relative weight to be given respondent Board’s expert proof of the assessment ratio based on five selected parcels and petitioners’ evidence of 23 actual contemporaneous sales. The record amply supports the conclusion that such actual sales were more reflective of the ratio of assessed value to fair market value than were the selected parcels. The comparison to be made was "between the rate of assessment on the subject premises * * * and the rates of assessment of a fair sampling of properties throughout the tax district.” (Matter of Pollack v Reed, 47 AD2d 842.) Petitioners’ *1072 proof included substantially all of the real property sales which occurred in the Village of Franklinville during the year in which petitioners’ assessment was made. We cannot fault Special Term for relying upon the comparison to be thus made, to the exclusion of the comparison to be drawn from the proof offered by the Board regarding five selected parcels. We have examined the Board’s claim that the actual sales method should have been disregarded because some of the sales included personal property. Such sales were limited in number and the items of personalty were of such insignificant value that they had no effect upon the consideration paid in the real property sales. Finally, the Board’s contention that the petitioners had stipulated that the fair market value of their property was $39,400 rather than $34,740, is equally without merit. The "stipulation” was not in writing and signed by petitioners or their counsel (see CPLR 2104), but was part of a package proposal to submit the entire controversy to the Special Term Justice. This proposal was refused by the Board, leaving petitioners free to prove the lower fair market value through the appraisal of the subject property by the Board’s own assessors. (Appeal from order of Erie Supreme Court—tax assessment.) Present—Marsh, P. J., Moule, Simons, Dillon and Goldman, JJ.